## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

MICHAEL C. BAXLEY,

       Plaintiff,

   v.

CHRISTINE WORMUTH, *et. al.*,

      Defendants.

Civil Action No. 21-2245 (TSC)

## MEMORANDUM OPINION

Michael Baxley, a former member of the U.S. Army, challenges the Army Board for Corrections of Military Records' ("Board") decision not to upgrade his "Under Honorable Conditions (General)" discharge to an Honorable discharge. Plaintiff contends the agency's decision violated the Administrative Procedure Act ("APA") and the Due Process Clause of the Fifth Amendment.

Having considered the administrative record, the Complaint, and the parties' briefs, the court will GRANT Defendants' Motion for Summary Judgment and DENY Plaintiff's Cross Motion for Summary Judgment.

## I.    BACKGROUND

Plaintiff was a member of the U.S. Army in the 1970s. AR172. He was initially stationed at Fort Lee, Virginia, but was subsequently transferred to the United States Army Retraining Brigade at Fort Riley, Kansas, due to misconduct. AR6. While at Fort Lee, Plaintiff received one year of probation for three drug counts, *id.*; AR174–75, and was separately fined for improper driving, AR229. At Fort Riley, Plaintiff was determined to be a "drug rehabilitation failure" and was barred from reenlisting in the Army. AR178.

Plaintiff subsequently engaged in several acts of misconduct at Fort Riley.  First, he was sentenced to four months of confinement, hard labor, and reduction of rank for failure to obey a lawful order and grabbing a female soldier.  AR226.  Second, Plaintiff was arrested for wrongful possession of marijuana and resisting apprehension.  AR200; AR243.  Third, he had privileges revoked and was given extra duty for another failure to obey a lawful order.  AR249.  And finally, Plaintiff was given fourteen days of extra duty and lost privileges for engaging in a fist fight.  AR250.

Plaintiff's commander therefore recommended that he be discharged from the Army for misconduct.  AR98.  His commander provided a list of incidents of misconduct and poor performance to be considered by the board of officers.  *See* AR101–02.  Plaintiff was found competent during a mental status evaluation prior to his discharge, AR255, was advised of his rights, and was informed that he was being considered for discharge due to misconduct, AR218–19.  Plaintiff requested that his case be considered at an administrative separation hearing and asked for counsel at the hearing.  AR221.

The list of Plaintiff's acts of misconduct was admitted at the separation hearing without objection from Plaintiff's counsel.  AR209.  Plaintiff chose to testify at the hearing, where he explained that he "had trouble with drugs and alcohol," was "found to be a rehabilitative failure," but was "not guilty of" misconduct.  AR210.  The board of officers convened for the hearing, however, recommended that Plaintiff be discharged with an "Undesirable Discharge Certificate" for misconduct.  AR211.  It noted that some of the exhibits in the record were "possibly exempt information according to [Army Regulation] 600-85" and therefore it did not consider those exhibits in its decision.  *Id.*

Plaintiff's counsel subsequently brought to the commander of the Retraining Brigade's attention that some of the evidence in the record should not have been considered under various regulations, including Army Regulation 600-85, and asked that Plaintiff's discharge be changed to a general Honorable discharge.  AR212–13.  A judge advocate reviewed the proceedings and concluded that "[t]here was sufficient other evidence to support the recommended discharge."  AR9.  The Commander of the Retraining Brigade approved the recommendation and officially ordered that Plaintiff be discharged with an Undesirable Discharge Certificate, AR9, which reflected "frequent incidents of a discreditable nature with civil or military authorities," AR181 (formatting modified).  Plaintiff later appealed to the Army Discharge Review Board, which upgraded his discharge to "Under Honorable Conditions (General)."  AR183.

Approximately forty years later, Plaintiff was diagnosed with Dysthymic Disorder and rendered fully disabled due to service-connected disability.  AR161.  He requested the Board upgrade his discharge to "Honorable" so he could receive a disabled veterans identification card.  AR163.  The Board had a psychologist assess Plaintiff, and the psychologist concluded that Plaintiff did not have Dysthymic Disorder when he was discharged and even if he had the disorder, the diagnosis would not have been a mitigating factor in his discharge.  AR160–61.  The psychologist therefore recommended no change to his discharge characterization, AR161, and the Board denied Plaintiff's request, AR123.

Plaintiff then filed this action *pro se*, claiming that the Board failed to properly consider his claim that exempt evidence was improperly considered during his separation proceeding.  *See* Compl., ECF No. 1.  The Government agreed to reconsider Plaintiff's case, ECF No. 15, and the court granted voluntary remand to the Board, Min. Order, Feb. 16, 2022.  On remand, the Board again sought advice from a clinical psychologist regrading whether the records support that

Plaintiff had a behavioral health condition at the time of discharge, and, if so, whether that mitigated the misconduct resulting in his discharge.  AR79–80.  The psychologist concluded that he did not have a behavioral health condition while in the Army, AR80, and the Board again concluded that relief was not warranted, AR21.  The Board considered both psychologists' advisory opinions, the case file, and Plaintiff's responses to the advisory opinions.  *Id.*  It explained that Plaintiff engaged in a "litany" of "misbehavior," and fell "far short of achieving a characterization . . . remotely . . . 'honorable.'"  AR22.  The Board also considered Plaintiff's concerns about exempt evidence being considered at his separation proceeding, but concluded that the Government did not improperly introduce exempt evidence.  AR23.

The case then returned to the court, *see* ECF No. 22, and the parties cross-moved for summary judgment, ECF Nos. 24, 32.

## II.    LEGAL STANDARD

Under Federal Rule of Civil Procedure 56, a court "shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a).  A fact is material if "a dispute over it might affect the outcome of a suit under governing law; factual disputes that are 'irrelevant or unnecessary' do not affect the summary judgment determination."  *Holcomb v. Powell*, 433 F.3d 889, 895 (D.C. Cir. 2006) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)).  An issue is genuine if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party."  *Id.* (quoting *Anderson*, 477 U.S. at 248).

The party seeking summary judgment bears the burden to provide evidence demonstrating "the absence of a genuine issue of material fact."  *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).  "When parties file cross motions for summary judgment, each motion is viewed separately, in the light most favorable to the non-moving party, with the court

determining, for each side, whether a judgment may be entered in accordance with the Rule 56 standard." *Howard Town Ctr. Dev., LLC v. Howard Univ.*, 267 F. Supp. 3d 229, 236 (D.D.C. 2017) (internal quotation omitted).

Federal Rule of Civil Procedure 56(a) does not apply to claims seeking APA review, however, "because of the court's limited role in reviewing the administrative record." *Coe v. McHugh*, 968 F. Supp. 2d 237, 239 (D.D.C. 2013). Instead, the court must decide as a matter of law "whether the agency action is supported by the administrative record and otherwise consistent with the APA standard of review." *Id.* at 240. Under the APA, the court sets aside agency action that is "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law." 5 U.S.C. § 706(2). The plaintiff bears the burden of establishing that the agency's action is invalid. *Fulbright v. McHugh*, 67 F. Supp. 3d at 81, 89 (D.D.C. 2014).

### III.   ANALYSIS

#### A.   Jurisdiction

Although the parties have not contested jurisdiction, the court has "an 'independent obligation'" to ensure its jurisdiction "before addressing the merits." *New Jersey v. EPA*, 989 F.3d 1038, 1045 (D.C. Cir. 2021) (citations omitted). None of the statutes cited in the Complaint confer jurisdiction to review decisions of the Army Board for the Correction of Military Records. *See* Compl. at 1 (citing 28 U.S.C. §§ 1331, 1343, 1346, 2201). Generally, however, "final agency action for which there is no other adequate remedy in a court are subject to judicial review." 5 U.S.C. § 704.

Moreover, the D.C. Circuit has repeatedly held that federal courts have jurisdiction "to evaluate, in light of familiar principles of administrative law, the reasonableness of the Secretary's decision not to take certain corrective action with respect to [military records]." *Kreis v. Sec'y of the Air Force*, 406 F.3d 684, 686 (D.C. Cir. 2005) (citation omitted); *accord,*

*e.g.*, *Cone v. Caldera*, 223 F.3d 789, 793 & n.6 (D.C. Cir. 2000); *Frizelle v. Slater*, 111 F.3d 172, 176 (D.C. Cir. 1997).  Courts in this district have construed these decisions to grant the district court jurisdiction to review decisions of military corrections boards as well.  *See, e.g.*, *Roberts v. United States*, 883 F. Supp. 2d 56, 63 (D.D.C. 2012); *Burt v. Winter*, 503 F. Supp. 2d 388, 390 (D.D.C. 2007); *Homer v. Roche*, 226 F. Supp. 2d 222, 225–26 (D.D.C. 2002); *McPherson v. Harker*, No. 18-cv-3082, 2021 WL 1820290, at *9 (D.D.C. May 6, 2021); *Bland v. Sec'y of Army*, No. 05-cv-02143, 2007 WL 902302, at *1 (D.D.C. Mar. 23, 2007).  The court finds these decisions persuasive.

**B.     APA Claim**

   *i.     Reviewing Board decisions*

   Under the APA, the court is "highly deferential" to agency actions.  *Envt'l. Def. Fund, Inc. v. Costle*, 657 F.2d 275, 283 (D.C. Cir. 1981).  One fundamental requirement is that agencies engage in "reasoned decisionmaking."  *Michigan v. EPA*, 576 U.S. 743, 750 (2015).  To do so, the agency must have considered relevant data and articulated an explanation establishing a "rational connection between the facts found and the choice made."  *Bowen v. Am. Hosp. Ass'n*, 476 U.S. 610, 626 (1986) (quoting *Motor Vehicle Mfrs. Ass'n of U.S. v. State Farm Mut. Auto. Ins. Co.*, 463 U.S. 29, 43 (1983) ("*Motor Vehicle Mfrs.*")).  The court may not "substitute its judgment for that of the agency," but instead considers whether "the agency has relied on factors which Congress has not intended it to consider, entirely failed to consider an important aspect of the problem, offered an explanation for its decision that runs counter to the evidence before the agency, or is so implausible that it could not be ascribed to a difference in view or the product of agency expertise."  *Motor Vehicle Mfrs.*, 463 U.S. at 43.

The Government argues that an "unusually deferential application of the arbitrary or capricious standard" applies in this case.  Mem. in Supp. of Mot. for Summ. J., ECF No. 24-1 at 22–23 ("Motion") (quoting *Cone*, 223 F.3d at 793).  "This deferential standard" applies to some cases involving review of military correction board decisions and "is calculated to ensure that the courts do not become a forum for appeals by every soldier dissatisfied with [their] ratings." *Cone*, 223 F.3d at 793.  Under that standard, "the plaintiff has the burden of showing 'by cogent and clearly convincing evidence' that the decision was the result of a material legal error or injustice." *Escobedo v. Green*, 602 F. Supp. 2d 244, 249 (D.D.C. 2009) (citation omitted).  The D.C. Circuit has applied this heightened standard primarily in "decisions concerning active personnel, such as performance reviews and promotion decisions," and has declined to do so in cases involving "reviewing disability rating decisions." *Sissel v. Wormuth*, 77 F.4th 941, 946–47 (D.C. Cir. 2023).  The court need not decide whether this "unusually deferential" version of the arbitrary or capricious standard applies in this case, however, because under either standard, the agency's decision complied with the APA.  *Infra* Section III.B.ii.

Plaintiff, on the other hand, argues that the court should review the Board's decision for substantial evidence.  Pl.'s Cross Mot. for Summ. J. & Opp'n to Def.'s Mot. for Summ. J., ECF No. 32 at 32–33 ("Cross Motion").  "But the text of the APA applies 'substantial evidence' review only to formal proceedings, not informal adjudications." *Phoenix Herpetological Soc'y v. U.S. Fish & Wildlife Serv.*, 998 F.3d 999, 1005 (D.C. Cir. 2021).  And the D.C. Circuit has held that "[a]djudications to correct a military record must be supported by substantial evidence" only "if the Board adjudicating the claim has been 'designated as a special board by the Secretary.'" *McKinney v. Wormuth*, 5 F.4th 42, 46 n.1 (D.C. Cir. 2021) (citing 10 U.S.C. § 1558(b)(1)(A), (f)(3)(B)).  In similarly reviewing a decision of the Army Board for Correction

of Military Records, *McKinney* concluded that there was no reason to believe "that the Secretary designated the Board . . . as a special board." *Id.* So too here. Consequently, the substantial evidence standard is inapplicable.

ii.     *The Board engaged in reasoned decisionmaking*

The Board's decision complies with the APA. It "considered the case file, the two advisory opinions provided by [the Board's] behavioral health professionals, and all matters submitted by [Plaintiff], including [his] response to the advisory opinions." AR21; *see* AR6–14 (reviewing Plaintiff's service record, including his status changes, misconduct, mental status evaluation, and discharge process, as well as his Veterans Administration ("VA") medical records and the Board's psychologist's review of Plaintiff's case). The Board then concluded that, although Plaintiff "reported feeling depressed in-service, documentation does not support" that "he had a psychiatric disorder or other condition that impaired his ability to know right from wrong and make conscious choices understanding the consequences." AR15. Thus, "after considering all the evidence, the Board members unanimously determined that relief is not warranted in this case." AR21. In doing so, the Board did not rely on erroneous factors, ignore "an important aspect of the problem," or come to a conclusion "counter to the evidence." *Motor Vehicle Mfrs.*, 463 U.S. at 43; *see* AR21–24.

Plaintiff disagrees, arguing that the Government incorrectly considered evidence prohibited under Army Regulation 600-85. Cross Motion at 31–32, 34–36. Army Regulation 600-85 provides that administrative separation with less than honorable discharge may not result from consideration of "evidence obtained directly or indirectly from the member having been involved in" the Army's alcohol and drug rehabilitation program. AR92. The Board, however, took into account Plaintiff's concern that evidence inadmissible under Army Regulation 600-85

was improperly considered at his separation proceeding, and concluded that he "failed to demonstrate by a preponderance of evidence that the Army committed an error during [his] involuntary administrative separation process." AR23. The Board found persuasive the judge advocate's conclusion that none of the evidence admitted at Plaintiff's hearing fell under Army Regulation 600-85 because the regulation does not prohibit "mention of a member's failure in rehabilitation, as long as involvement in the program was not the motivating factor in recommending discharge," AR9; *see* AR92–94, and here, there was no such motivating factor, *see* AR211.

That conclusion was not arbitrary or capricious.[1] The regulation provides that "no use may be made" of exempt evidence, and further, that "if the decision to initiate discharge action against a servicemember is motivated by the member's . . . having been involved in [the rehabilitation program], the discharge will be with an honorable discharge." AR93. The negative implication is thus that honorable discharge is not required if the member's discharge is not motivated by Plaintiff's failure in rehabilitation, or that fact is not used in the decision, as the Board concluded.

Plaintiff also contends that the Board did not consider that his mental health condition "was evident during his military service." Pl.'s Combined Opp'n and Reply in Supp. of Pl.'s Cross Mot. for Summ. J., ECF No. 37 at 10–12. But the Board did consider Plaintiff's argument about his mental health history, and concluded that "the evidence that [Plaintiff] had a mitigating

---

[1] The Government does not argue that the court should defer to the Board's interpretation of Army Regulation 600-85 under *Kisor v. Wilkie*, 139 S. Ct. 2400 (2019). The court need not afford deference to the Board's interpretation, moreover, because the regulation is unambiguous. *See id.* at 2423–24 ("Before even considering deference, the court must" "make a conscientious effort to determine, based on indicia like text, structure, history, and purpose, whether the regulation really has more than one reasonable meaning.").

behavioral health condition during his two years in the Army is, at best, very thin." AR22.  The

Board also found persuasive the psychologist's determination that "any symptoms" Plaintiff

experienced at the time of his discharge "did not rise to the level of a behavioral health

condition." *Id.*  Finally, the Board explained that the discharge characterization "is a separate

issue from the VA's determination of service-connected disability." AR23.  The Board therefore

fulfilled its duty under the APA to connect the facts to its conclusion and consider evidence that

may appear contrary to its conclusion. *See Motor Vehicle Mfrs.*, 463 U.S. at 43.

**C.    Due Process Claim**

Plaintiff also alleges that Defendant violated procedural due process by depriving him of

access to veterans' benefits.  The Due Process Clause prohibits the "depriv[ation] of life, liberty,

or property, without due process of law." U.S. Const. amend. V.  "The first inquiry in every due

process challenge is whether the plaintiff has been deprived of a protected interest in 'property'

or 'liberty.'" *Am. Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 59 (1999) (quoting U.S. Const.

amend. XIV).  "Only after finding the deprivation of a protected interest" does the court "look to

see if the [Government's] procedures comport with due process." *Id.*

"The procedural component of the Due Process Clause does not protect everything that

might be described as a 'benefit.'" *Town of Castle Rock v. Gonzales*, 545 U.S. 748, 756 (2005)

(citation omitted).  Plaintiff asserts that the Board's decision deprived him of veterans' benefits,

which require an Honorable discharge.  Cross Motion at 36–38.  But "[t]o have a property

interest in a benefit," a plaintiff must "have a legitimate claim of entitlement to it"—not just "a

unilateral expectation of it." *Town of Castle Rock*, 545 U.S. at 756.

Plaintiff does not currently qualify for or receive veterans' benefits.  Applying this

framework, "a former service-member, like Plaintiff, 'who might qualify for potential future

veterans' benefits,' does not have 'a due process property interest in the expectation of those benefits.'" *Rudo v. McHugh*, 931 F. Supp. 2d 132,143 (D.D.C. 2013) (quoting *Owings v. Brown*, 86 F.3d 1178 (Table) (Fed Cir. 1996)).  Thus, the Board did not deprive Plaintiff of a protected property interest by declining to upgrade his discharge certification to one that would entitle him to veterans' benefits.

## IV.    CONCLUSION

For the foregoing reasons, the court will GRANT Defendants' Motion for Summary Judgment, ECF No. 24, and DENY Plaintiff's Cross Motion for Summary Judgment, ECF No. 32.  An Order will accompany this Memorandum Opinion.


Date: February 26, 2024

*Tanya S. Chutkan*
TANYA S. CHUTKAN
United States District Judge