UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

MICHAEL C. BAXLEY,

    Plaintiff,

v.

CHRISTINE WORMUTH, *et al.*,

    Defendants.

Civil Action No. 21-cv-2245 (TSC)

**MEMORANDUM OPINION**

    Michael Baxley, a former member of the United States Army, challenged the Army Board for Corrections of Military Records' ("Board") decision not to upgrade his "Under Honorable Conditions (General)" discharge to an Honorable discharge. The court granted Defendants' motion for summary judgment and denied Plaintiff's cross motion, concluding that the Board engaged in reasoned decisionmaking under the Administrative Procedure Act ("APA") and its decision did not violate due process. Plaintiff moved for reconsideration on the APA claim, arguing that the Army Regulations required the Board to Honorably discharge him because evidence of his drug rehabilitation failure was improperly introduced in his separation proceeding. Having considered the record and the briefs, the court will DENY Plaintiff's Motion.

    **I.**    **BACKGROUND**

    Plaintiff was a member of the U.S. Army in the 1970s. AR172. He was initially stationed at Fort Lee, Virginia, but was subsequently transferred to the United States Army Retraining Brigade at Fort Riley, Kansas, due to misconduct. AR6. While at Fort Lee, Plaintiff received one year of probation for three drug counts, *id.*; AR174–75, and was separately fined

for improper driving, AR229. At Fort Riley, Plaintiff was determined to be a "drug rehabilitation failure," which barred him from reenlisting, AR178, and he engaged in several additional acts of misconduct, including grabbing a female soldier, AR226, possessing marijuana, AR200; AR240–43, and failing to obey a lawful order, AR249.

Plaintiff's commander therefore recommended that he be discharged from the Army for misconduct. AR98. His commander provided a list of incidents of misconduct and poor performance to be considered by the board of officers. *See* AR101–02. The list included "bar to reenlistment," which resulted from his drug rehabilitation failure. *See* AR101; AR178. During Plaintiff's separation hearing, his commander provided the board of officers with the list of incidents, which was then admitted at his administrative separation hearing without objection from Plaintiff's counsel. AR209. Army Regulations restrict the applicability of evidence regarding a servicemember's substance abuse treatment in discharge decisions, however. *See* AR92–96. The board of officers therefore noted that some evidence in the record included "possibly exempt information according to [Army Regulation] 600-85" and accordingly did not consider that evidence. AR211. The board ultimately recommended that Plaintiff be discharged with an "Undesirable Discharge Certificate" due to his history of misconduct. *Id.*

Plaintiff's counsel subsequently argued to the commander of the Retraining Brigade that some of the evidence before the board of officers should not have been considered under Army Regulation 600-85 and requested that Plaintiff's discharge be changed to an Honorable discharge. AR212–13. A judge advocate and the commander reviewed Plaintiff's case and affirmed the board's decision, concluding that "[t]here was sufficient other evidence to support the recommended discharge." AR9. The Commander of the Retraining Brigade approved the recommendation and officially ordered that Plaintiff be discharged with an Undesirable

Discharge Certificate, *id.*, which reflected "frequent incidents of a discreditable nature with civil or military authorities," AR181 (formatting modified).  Plaintiff then appealed to the Army Discharge Review Board, which upgraded Plaintiff's discharge to "Under Honorable Conditions (General)." AR183.

Decades later, Plaintiff was diagnosed with Dysthymic Disorder and requested that the Board upgrade his discharge to "Honorable" to allow him to receive a disabled veterans identification card.  AR161; AR163.  A Board psychologist assessed Plaintiff and recommended no change to Plaintiff's discharge because Plaintiff did not have Dysthymic Disorder at the time of discharge and, even if he had, the diagnosis would not have been a mitigating factor in his discharge decision.  AR160–61.  The Board therefore denied Plaintiff's request.  AR123.

Plaintiff then filed this action pro se, alleging that the Board did not properly consider the claim that exempt evidence was used during his initial separation proceeding.  *See* Compl., ECF No. 1.  The Government agreed to reconsider Plaintiff's discharge status, ECF No. 15, and again sought advice from a clinical psychologist, AR79–80.  The psychologist concluded that Plaintiff did not have a behavioral condition while in the Army, AR80, and the Board ultimately concluded that relief was not warranted, AR23.  The Board specifically addressed Plaintiff's concern that evidence was improperly introduced in his initial separation proceeding, reasoning that the regulation did not require that he be Honorably discharged because the exempt evidence was not relied upon in his discharge decision, Plaintiff did not object to its introduction, and Plaintiff invoked the evidence himself at the proceeding.  *Id.*

The case then returned to this court, *see* ECF No. 22, and the parties cross moved for summary judgment, ECF Nos. 24, 32.  This court granted Defendants' motion and denied Plaintiff's cross motion.  *See* Order, ECF No. 42.  The court held, in relevant part, that the Board

complied with the APA and engaged in reasoned decisionmaking because it "did not rely on erroneous factors, ignore 'an important aspect of the problem,' or come to a conclusion 'counter to the evidence.'" Mem. Op., ECF No. 41 at 8 (citation omitted).

Plaintiff subsequently moved for reconsideration, ECF No. 44 ("Motion"), arguing that, at his separation proceeding, his commander introduced prohibited evidence to the reviewing board, and that merely introducing the evidence entitled him to an Honorable discharge under the Army Regulations. Mot. at 2. Thus, he asserts, the court incorrectly held that the Board's decision complied with the APA. *Id.*

## II.     LEGAL STANDARD

Federal Rule of Civil Procedure 60(b) permits a court to grant a party relief from a final judgment or order under certain circumstances. "Rule 60(b) provides an exception to finality." *Lee Mem'l Hosp. v. Becerra*, 10 F.4th 859, 863 (D.C. Cir. 2021). Rule 60(b) serves to preserve the "delicate balance between the sanctity of final judgments and the incessant command of the court's conscience that justice be done in light of all the facts." *Bain v. MJJ Prods.*, 751 F.3d 642, 646 (D.C. Cir. 2014) (formatting modified). Accordingly, "courts should revive previously-dismissed claims only if they have some reason to believe that doing so will not ultimately waste judicial resources." *Thomas v. Holder*, 750 F.3d 899, 903 (D.C. Cir. 2014).

"The party seeking relief under Rule 60(b) bears the burden of showing that they are entitled to the relief." *Jarvis v. Parker*, 13 F. Supp. 3d 74, 77 (D.D.C. 2014). District courts have discretion over whether to grant Rule 60(b) motions, *United Mine Workers of Am. 1974 Pension v. Pittston Co.*, 984 F.2d 469, 476 (D.C. Cir. 1993), but Rule 60(b) relief should be granted "sparingly," *People for the Ethical Treatment of Animals v. U.S. Dep't of Health & Hum. Servs.*, 901 F.3d 343, 354–55 (D.C. Cir. 2018) ("*PETA*").

Rule 60(b) relief may be proper in instances involving "mistake, inadvertence, surprise, or excusable neglect," Fed. R. Civ. P. 60(b)(1), or "any other reason that justifies relief," Fed. R. Civ. P. 60(b)(6).[1] "Relief under Rule 60(b)(1) motions is rare." *Hall v. CIA*, 437 F.3d 94, 99 (D.C. Cir. 2006). Such relief is not appropriate merely because the moving party is unsatisfied with the court's decision. *Munoz v. Bd. of Trs. of Univ. of D.C.*, 730 F. Supp. 2d 62, 66 (D.D.C. 2010). Nor are a court's alleged "'mistakes' of legal reasoning" typically grounds for Rule 60(b)(1) relief. *Id.* Moreover, in cases involving excusable neglect, courts conduct an equitable analysis, considering "the risk of prejudice to the non-movant, the length of delay, the reason for the delay," and "whether the movant acted in good faith." *FG Hemisphere Assocs. v. Democratic Republic of Congo*, 447 F.3d 835, 838 (D.C Cir. 2006) (citation omitted).

Rule 60(b)(6) relief, moreover, may be available "only when Rules 60(b)(1) through (b)(5) are inapplicable." *Kemp v. United States*, 142 S. Ct. 1856, 1861 (2022). "To obtain relief under this provision," the party must "demonstrate 'extraordinary circumstances.'" *United States v. Philip Morris USA Inc.*, 840 F.3d 844, 852 (D.C. Cir. 2016) (citation omitted). Extraordinary circumstances may exist when "a party timely presents a previously undisclosed fact so central to the litigation that it shows the initial judgment to have been manifestly unjust." *PETA*, 901 F.3d at 355 (citation omitted).

---

[1] Plaintiff has not identified under which subsections of Rule 60(b) he seeks relief. Briefs filed by pro se litigants, however, are held to less stringent standards than those drafted by lawyers. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972). Consequently, the court will evaluate the motion under Rule 60(b)(1) and 60(b)(6)—the subsections that appear most relevant given Plaintiff's arguments.

### III.  ANALYSIS

### A.  Reasoned Decisionmaking

The APA authorizes courts to "hold unlawful and set aside agency action, findings, and conclusions found to be . . . arbitrary, capricious, and abuse of discretion, or otherwise not in accordance with law." 5 U.S.C. § 706(2)(A). A court's review of agency action is "highly deferential and presumes the validity of agency action." *Nat'l Ass'n of Clean Air Agencies v. EPA*, 489 F.3d 1221, 1228 (D.C. Cir. 2007) (quotation marks omitted). Consequently, agency action "is not arbitrary if it is reasonable and reasonably explained." *City of Salisbury v. Fed. Energy Regul. Comm'n*, 36 F.4th 1164, 1170 (D.C. Cir. 2022) (quotation marks omitted).

To survive APA review, an agency must have "examine[d] the relevant data and articulate[d] a satisfactory explanation for its action including a rational connection between the facts found and the choice made." *Motor Vehicle Mfrs. Ass'n of U.S. v. State Farm Mut. Auto. Ins. Co.*, 463 U.S. 29, 43 (1983) (quotation marks omitted). Agency action is thus arbitrary and capricious "if the agency has relied on factors which Congress has not intended it to consider, entirely failed to consider an important aspect of the problem," or "offered an explanation for its decision that runs counter to the evidence before the agency." *Id.*[2]

### B.  Rule 60(b) Relief is Unwarranted

As the court explained at summary judgment, the Board "considered the case file, the two advisory opinions provided by . . . behavioral health professionals, and all matters submitted by [Plaintiff], including [his] response to the advisory opinions." Mem. Op. at 8 (quoting AR21); *see id.* at 8–10. The record illustrates that "the Board did not rely on erroneous factors, ignore

---

[2] The court need not decide whether the "unusually deferential" standard of arbitrary or capricious applies in this case, *see* Mem. Op. at 7, because reconsideration is improper under either standard.

'an important aspect of the problem,' or come to a conclusion 'counter to the evidence.'" *Id.* at 8 (quoting *Motor Vehicle Mfrs. Ass'n of U.S.*, 463 U.S. at 43). Rather, the Board properly considered Plaintiff's service record and history of misconduct, mental health evaluation, medical records, and the Board's psychologist's assessment. *See* AR6–14. Ultimately, the Board evaluated the "relevant data" and articulated a conclusion that rationally connected "the facts found and the choice made." *Motor Vehicle Mfrs. Ass'n of U.S.*, 463 U.S. at 43. Consequently, reconsideration of the court's decision is unwarranted.

Plaintiff contends that the Board acted arbitrarily and capriciously because it misconstrued the Army Regulations. Mot. at 2. In Plaintiff's view, simply introducing evidence about his drug rehabilitation failure at the separation hearing required the Government to grant Plaintiff an Honorable discharge, even if that evidence was not considered in the Board's decision. *Id.* Plaintiff's argument is, at first glance, supported by the plain text of the regulation, which provides that "if either the commander (in his/her recommendation for discharge or in documents forwarded with his/her recommendation), or any member of the board of officers adjudicating the servicemember's case, or the investigating officer/recorder presenting the case before the board, initially introduces evidence prohibited above; the member will receive an honorable discharge certificate, regardless of his overall performance of duty." AR96. Prohibited evidence includes that of "alcohol abuse, or drug use or drug possession incidental to personal use" in connection with substance abuse treatment and rehabilitation. AR94.[3]

---

[3] It is unclear from the record whether prohibited evidence regarding Plaintiff's drug rehabilitation was actually introduced at his discharge proceeding. The only mentions in the record Plaintiff has pointed to note that he was barred from reenlisting. *See* AR201, 209. Although Plaintiff's bar to reenlistment resulted from drug rehabilitation failure, AR178, it does not necessarily follow that evidence of a reenlistment bar constitutes evidence of substance abuse or substance abuse treatment.

Even so, the Board's conclusion that Plaintiff was not entitled to an Honorable discharge was not arbitrary or capricious.[4] First, the Board relied on the purpose of the exempt evidence regulation in giving it a more lenient construction, reasoning that "The policy is designed to encourage Soldiers to seek out substance abuse help without fearing that the decision to seek help might be *used against* the Soldier for disciplinary purposes." AR23 (emphasis added). Although courts "begin" "with the language of the" regulation, they may also "turn to other 'customary statutory interpretation tools,'" including "purpose." *Genus Med. Techs. LLC v. FDA*, 994 F.3d 631, 637 (D.C. Cir. 2021) (citation omitted). "Examination of purpose is a staple of statutory interpretation," making up "daily fare" for courts. *McCreary Cnty. v. Am. C.L. Union of Ky.*, 545 U.S. 844, 861 (2005). The Army regulation provides that its objective is "to facilitate effective identification, treatment, and rehabilitation by eliminating the barriers to successful communications between alcohol or other drug abusers on the one hand, and [substance use] counselors or physicians supporting the program on the other." AR92. The regulation achieves this objective by providing "immunity from disciplinary action . . . as a result of certain occurrences of alcohol abuse, or drug use or possession of drugs incidental to personal use" and "immunity from use of evidence obtained directly or indirectly from the member having been involved in" substance abuse treatment. *Id.* Thus, the regulation seeks not to punish harmless litigation errors by Army investigators, but rather, to ensure that servicemembers are not punished for seeking substance abuse treatment. *See* AR23.

The judge advocate came to a similar conclusion as the Board, explaining that the officers had "sufficient other evidence to support the recommended discharge" without exempt

---

[4] The court need not afford deference to the Board's interpretation of Army Regulation 600-85 under *Kisor v. Wilkie*, 139 S. Ct. 2400 (2019), because even without deference, Rule 60(b) relief is not warranted. *See* Mem. Op. at 9 n.1.

evidence, AR9; *see* AR23–24 (outlining Plaintiff's misconduct), and that Army Regulation 600-85 did not require an Honorable discharge because there is "no prohibition against mention of a member's failure in rehabilitation, as long as involvement in the program was not the motivating factor in recommending discharge," AR9.

The Board's and judge advocate's purpose-based reading of the Army Regulations comports with common principles of civil litigation. Under the Federal Rules of Civil Procedure, "no error in admitting or excluding evidence—or any other error by the court or a party—is ground for granting a new trial, for setting aside a verdict, or for vacating, modifying, or otherwise disturbing a judgment or order" unless "justice so requires." Fed. R. Civ. P. 61. And under Rule 61, courts "must disregard all errors and defects that do not affect any party's substantial rights." *Id.* A similar principle also applies in administrative law because the APA requires courts to take "due account" of "the rule of prejudicial error" in reviewing agency action. *See* 5 U.S.C. § 706; *Shinseki v. Sanders*, 556 U.S. 396, 406–07 (2009) (explaining that the APA prejudicial error standard is "the same kind" of rule "that courts ordinarily apply in civil cases").

Second, the Board explained in its decision that Plaintiff's "counsel did not object to the introduction of any documents submitted by the government at the outset of the hearing" and Plaintiff "himself introduced and discussed his substance abuse rehabilitation efforts." AR23. Plaintiff has not refuted this allegation. Plaintiff's role matters because the sentence following the regulatory provision Plaintiff cites provides that, "if the servicemember (respondent) or his counsel initially introduces [prohibited] evidence, the type of discharge certificate issued is not restricted to an Honorable discharge certificate merely because of the presence of that evidence (or rebuttal thereto) in the discharge action record." AR96. Put another way, Plaintiff may not

inject prohibited evidence into a proceeding himself and then claim he is entitled to an Honorable discharge. This caveat also tracks a basic principle of civil litigation: "Generally speaking, the unclean hands doctrine requires that a party seeking equitable relief 'show that his or her conduct has been fair, equitable, and honest as to the particular controversy in issue.'" *Bartko v. SEC*, 845 F.3d 1217, 1227 (D.C. Cir. 2017) (citation omitted). Plaintiff should not have the opportunity to benefit from an error if it resulted from his own choices.

Finally, even if the court erred in holding that the Board did not act arbitrarily and capriciously in electing not to upgrade Plaintiff's discharge, Plaintiff fails to point to any "mistake, inadvertence, surprise, or excusable neglect" that entitles him to relief under Rule 60(b). Allegations that the court's legal analysis was mistaken are "rarely" proper grounds for Rule 60(b)(1) relief. *Avila v. Dailey*, 404 F. Supp. 3d 15, 22–23 (D.D.C. 2019); *accord Munoz*, 730 F. Supp. 2d at 66. Moreover, Plaintiff fails to identify any instance of "extraordinary circumstances" permitting relief under Rule 60(b)(6). *See PETA*, 901 F.3d at 355. Plaintiff raised Army Regulation 600-85 in his summary judgment briefing, where his arguments were thoroughly considered by the court. *See* Mem. Op. at 8–10. Raising these arguments again in a motion for reconsideration is no more persuasive. *See FG Hemisphere Assocs.*, 447 F.3d at 838 (citation omitted); *Philip Morris USA Inc.*, 840 F.3d at 852 (citation omitted).

## IV.      CONCLUSION

For the foregoing reasons, the court will DENY Plaintiff's Motion for Reconsideration, ECF No. 44.  An Order will accompany this Memorandum Opinion.  The Clerk of Court shall mail a copy of this Memorandum Opinion to Plaintiff at his address of record.

Date: July 15, 2024

*Tanya S. Chutkan*
TANYA S. CHUTKAN
United States District Judge